IVY GAGE, ESQ.
Nevada Bar No. 5958
**THE GAGE LAW FIRM, PLLC**
ONE Summerlin
1980 Festival Plaza Drive, Suite 270
Las Vegas, Nevada 89135
(702) 869-0800/(792)869-0900 fax
igage@gagelawfirm.com
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| **LEANN MLODIK,**<br><br>　　　　Plaintiff,<br><br>vs.<br><br>**AMAZON.COM SERVICES, INC.**, a Delaware Corporation; and DOES 1 THROUGH 5, inclusive,<br><br>　　　　Defendants. | CASE NO.: |

## COMPLAINT

## JURY DEMAND

NOW COMES the Plaintiff, LEANN MLODIK, by and through her attorneys, The Gage Law Firm, PLLC, and complains against Defendant AMAZON.COM SERVICES, INC. ("AMAZON") and alleges as causes of action as follows:

## NATURE OF THE ACTION

1. This action is brought pursuant to the Americans With Disabilities Act, as amended ("the ADA"), 42 U.S.C §12101 et seq., seeking damages for the unlawful discrimination which Plaintiff was subjected to in the course of her employment and which continues to be subjected to by Defendant in violation of the ADA.

## JURISDICTION AND VENUE

2. The Court has jurisdiction over this lawsuit as the same arises under the ADA, 42 U.S.C §12101 et seq.

3. Plaintiff timely filed her Charge of discrimination with the Equal Employment

Opportunity Commission ("EEOC"). On January 13, 2020, the EEOC issued its Letter of Determination concluding that, "The Commission has considered all the evidence obtained during the investigation and finds that there is reasonable cause to believe that Charging Party was denied a reasonable accommodation due to her disability, in violation of the ADA." (See Exhibit "1").

4. On September 1, 2020, the EEOC issued Plaintiff a Notice of Right To Sue (Conciliation Failure)(See Exhibit "2"). Plaintiff has filed this lawsuit within ninety (90) days from receiving the Notice of Right to Sue.

5. The unlawful employment practices alleged below were committed within the jurisdiction of this Court, the United States District Court for the District of Nevada, within Clark County, State of Nevada.

## PARTIES

6. Plaintiff is a resident of Clark County, State of Nevada.

7. Plaintiff is a qualified individual with a disability pursuant to the ADA, that disability being what is believed to be small fiber neuropathy. Plaintiff's disability affects her nerves and causes unpredictable side effects, including severe pain and fatigue, which is aggravated by excessive standing. Plaintiff's disability substantially impairs and, at all times material hereto, impaired Plaintiff's major life activities including, but not limited to, her major life activities of walking and standing and substantially impairs her major bodily functions including, but not limited to, the function of her neurological system.

8. Plaintiff was, at all times material hereto, and still is able to perform the essential functions of her job with reasonable accommodation.

9. Defendant AMAZON.COM SERVICES, INC. (hereinafter sometimes referred to as "Defendant" or "AMAZON"), is now, and at the time of the events complained of herein was, a Delaware corporation operating and doing business in Clark County, State of Nevada.

10. Defendant has continuously had and, upon information and belief, does now

have at least fifteen (15) employees and is an "employer" within the meaning of that term as defined by the ADA.

11. Defendants DOES I through V inclusive may be persons, corporations, associations, partnerships, subsidiaries, holding companies, owners, predecessor or successor entities, joint venturers, parent corporations, or related business entities of the Defendant whose true names and identities and capacities are unknown to Plaintiff at this time. Each of said fictitiously named Defendants participated in some manner as the employer of Plaintiff, and is in some way liable or responsible to the Plaintiff on the facts hereinafter alleged, and caused injuries and damages proximately thereby. At such time as the DOE Defendants' true names and capacities become known to the Plaintiff, the Plaintiff will ask leave of this court to amend this complaint to insert said true names and capacities.

12. Plaintiff is informed and believes and on that basis alleges that at all relevant times the Defendant, including DOES, and each of them, were persons, business entities and/or organizations who conducted business in Clark County, Nevada and employed the Plaintiff and/or were responsible for the decision to deny Plaintiff's request for accommodation of her disability and ultimately to force her to stay out of work based upon her disability.

## STATEMENT OF FACTS

13. In May, 2015, AMAZON hired Plaintiff to work as a Warehouse Associate in its Las Vegas facility known as AMAZON.COM - LAS2. At that time, Plaintiff was aware that she had a neurological condition believed to be small fiber neuropathy though her symptoms at that time were manageable.

14. Plaintiff worked in Defendant's Learning Department starting in or around November, 2015 in a seasonal capacity. That Department had always had chairs for employees to use prior to October, 2018.

15. In or around August, 2016, Plaintiff was working in Defendant's Full Case

1  department when she began experiencing fatigue and pain associated with her small fiber
2  neuropathy. Defendant requested that she return to work in the Learning Department and
3  she did. Plaintiff sought FMLA leave and informed Defendant of her medical condition at
4  that time.

5    16. Since the Learning Department had a chair which she could use as needed,
6  Plaintiff was able to perform all of her essential job functions without requesting an
7  accommodation.

8    17. Plaintiff performed her job duties competently and Defendant promoted her to
9  the position of Trainer in or around August, 2017.

10    18. The Learning Department moved a number of times over the years and the
11  chairs were available in all moved locations until a move of the Department which took
12  place in October, 2018. With that move, Plaintiff was told that she could not take chairs
13  to the new location though no reason was given for this change.

14    19. While Plaintiff could walk the warehouse floor as needed to check on various
15  training that would be going on and could stand for shorter periods of time as needed, she
16  would need a chair when at her desk doing administrative work. This administrative work
17  could take hours depending on the workload.

18    20. Plaintiff explained the severity of the pain from her medical condition which was
19  exacerbated by long periods of standing and requested that she be permitted to use a
20  chair as an accommodation so she could continue to do her work.

21    21. On October 25, 2018, Plaintiff provided Defendant with a note from her
22  physician requesting that Plaintiff be permitted to use a chair as an accommodation for her
23  medical condition. Plaintiff learned that Defendant did not want chairs in the Learning
24  Department because Defendant believed it may not have been "a good look".

25    22. Plaintiff explained that a chair may not be "a good look" but it was a reasonable
26  accommodation that would have allowed her to perform the essential functions of her job
27  without causing Defendant any hardship, undue or otherwise, especially since chairs had

The Gage Law Firm, PLLC
ONE Summerlin
1980 Festival Plaza Drive, Ste. 270
Las Vegas, Nevada 89135
Phone: 702/869-0800 Fax: 702/869-0900

been used in that Department for years. Defendant denied Plaintiff's request for use of a chair.

23. On November 29, 2018, at the start of her shift, Plaintiff turned in the completed Request for Medical Information paperwork to Tyler Haynes in Defendant's Human Resources department. This paperwork confirmed that Plaintiff could do the essential functions of her job with the only accommodation requested being the use of a chair.

24. At about 11:00 p.m., Melanie Palmer from Human Resources approached Plaintiff at the Learning Desk and told her she was required to go home because her chair request was denied.

25. Plaintiff explained that she had a disability and this failure to accommodate her was an ADA violation. Plaintiff spoke with Alex Moncado in Human Resources who told her that Defendant denied her chair request and that she was required to go on leave from work. When Plaintiff asked how long she was being forced to go out on leave from work Mr. Moncado told her until her restrictions were lifted or until they could accommodate her. Mr. Moncado also told Plaintiff that Defendant's Learning Department did not have accommodations.

26. On January 8, 2019, Plaintiff spoke with the new accommodations caseworker assigned to her by Defendant named Damion Greaves. Mr. Greaves told Plaintiff that her request for a chair accommodation was denied. Plaintiff told Mr. Greaves that she could do her job to its full capacity and just needed a chair to rest when she was at her desk doing administrative computer work. Mr. Greaves said he would get back to Plaintiff regarding same.

27. January 14, 2019, Mr. Greaves told Plaintiff that her chair accommodation was denied again allegedly this time because it was a "safety issue". Mr. Greaves did not indicate how or why it would be a safety issue especially since the Department always had chairs in the past.

28. On February 26, 2019, in an effort to be returned to work, Plaintiff spoke with

Mr. Greaves. He told her that no jobs were available that would accommodate her. When Plaintiff explained that even the Warehouse Deals Department had chairs right next to the conveyors, Mr. Greaves told her those were temporary.

29. Mr. Greaves told Plaintiff that maybe she should resign because they could not accommodate her. Plaintiff explained that that was not an option. Plaintiff told Mr. Greaves that she only wanted to work and was fully capable of performing her job with the simple reasonable accommodation of Defendant letting her use a chair as had previously been done.

30. Neither Mr. Greaves nor anyone on behalf of Defendant engaged in the interactive process with Plaintiff in an effort to develop any other accommodation which would permit Plaintiff to return to work.

31. On April 5, 2019, Plaintiff spoke with Mr. Greaves seeking to be returned to work. Mr. Greaves told her that AMAZON buildings really don't have chairs, not in the Learning Department or Human Resources. He suggested she continue her job search outside of AMAZON because it was not profitable for AMAZON to continue her employment. Plaintiff agreed to continue to look for work but would not agree to resign. Plaintiff confirmed with coworkers at that time that both the Human Resources department and the Warehouse Deals department still had chairs at this time.

32. On May 13, 2019, Plaintiff received confirmation that Defendant hired three new Trainers for its Las Vegas facility, LAS2, including one to replace her.

33. While to date Defendant has not provided Plaintiff with an official notice of termination of employment, Defendant continues to force Plaintiff to remain off work rather than simply approving the reasonable accommodation of use of a chair which would permit her to perform the essential functions of her job.

**DISCRIMINATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT**

34. Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 33, inclusive, and all other facts and allegations of this complaint, as though fully restated

herein.

35. Defendants wrongfully engaged in unlawful employment practices in violation of the Americans With Disabilities Act by failing and/or refusing to engage in the interactive process with Plaintiff regarding her requested accommodation, failing and/or refusing to accommodate Plaintiff's disability, discriminating against Plaintiff because of her disability, and forcing her to remain off work because of her disability.

36. The effect of Defendant's practices complained of above has been to deprive Plaintiff of equal employment opportunities and has otherwise adversely affected Plaintiff because of her disability.

37. As a direct and proximate result of Defendant's failure to accommodate and intentional discrimination, Plaintiff has sustained and suffered damages within the jurisdictional limits of this Court for which she seeks recovery pursuant to the ADA including, but not limited to:

    a. lost earnings and earning capacity, wages, back pay, front pay, seniority, stock, and other employer sponsored benefits in the past and into the indefinite future;

    b. mental and emotional distress, anguish, pain, anxiety and loss of enjoyment of life in the past and into the indefinite future;

    c. Physical pain and suffering in the past and into the indefinite future;

    d. medical costs and expenses in the past and into the indefinite future; and

    e. costs and attorney fees incurred as a result of being forced to file this suit.

38. Defendants acted with malice or with reckless indifference to the federally protected rights of Plaintiff in failing to accommodate and engaging in discrimination against Plaintiff as set forth previously herein and, accordingly, Plaintiff is entitled to punitive damages pursuant to the ADA.

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

39. Plaintiff realleges and incorporates by reference Paragraphs 1 through 38, inclusive, and all other facts and allegations in this complaint, as though full restated herein.

40. Defendant acted intentionally in engaging in the conduct set forth herein; Defendant intended to cause Plaintiff severe emotional distress and/or acted with reckless indifference to the fact that its conduct was certain to cause Plaintiff severe emotional distress; Defendant's actions and conduct as set forth herein were extreme and outrageous so as to go beyond all possible bounds of decency in a civilized community; and Defendant's actions caused Plaintiff to suffer severe emotional distress.

41. As a direct and proximate result of Defendant's extreme and outrageous conduct, Plaintiff has sustained damages including, but not limited to:

   a. lost earnings and earning capacity, wages, back pay, front pay, seniority, stock, and other employer sponsored benefits in the past and into the indefinite future;

   b. mental and emotional distress, anguish, pain and anxiety in the past and into the indefinite future;

   c. physical pain and suffering in the past and into the indefinite future;

   d. medical costs and expenses in the past and into the indefinite future; and

   e. costs and attorney fees incurred as a result of being forced to file this suit.

42. Defendant's conduct described herein was done with heedless and reckless disregard for Plaintiff's rights and welfare, and the same was done intentionally, maliciously and with wanton disregard for Plaintiff's rights, in an attempt to oppress, defraud and be malicious to Plaintiff. Accordingly, pursuant to NRS 42.005, Plaintiff is entitled to punitive and or exemplary damages against Defendant in order to punish Defendant and to serve

as an example to others engaged in such conduct that such conduct will not be tolerated.

### REQUEST AND PRAYER FOR RELIEF

WHEREFORE, Plaintiff, LEANN MLODIK, respectfully requests that this Honorable Court enter judgment in her favor and against Defendant and award her the following:

a. A declaratory judgment that the practices complained of herein are unlawful and violated the ADA;

b. Compensatory damages in an amount within the jurisdictional limits of this Court to be determined pursuant to the ADA and in connection with Plaintiff's claims for intentional infliction of emotional distress as well as lost earnings and earning capacity, wages, salary, back pay, front pay, employment benefits and other compensation and the interest on such sums;

c. Punitive and/or exemplary damages in an amount to be determined pursuant to the ADA and NRS §42.005 in an amount to punish and/or make an example of this Defendant;

d. Back pay from the date of Defendant's forcing Plaintiff to be off from work through the date of judgment in this case and an additional amount as front pay;

e. Attorney fees and costs;

f. Expert fees, if any, incurred by Plaintiff in pursuing this litigation;

g. All interest due the Plaintiff as provided for by law, including but not necessarily limited to prejudgment and post-judgment interest accruing at the maximum rate allowable by law; and

h. Such other and further relief as the Court deems necessary, proper and equitable, general or specific, to which Plaintiff may show herself to be justly entitled.

. . . .

. . . .

Dated this 2nd day of November, 2020.

THE GAGE LAW FIRM, PLLC

By: _____
IVY GAGE
Nevada Bar No. 5958
Attorneys for Plaintiff, LEANN MLODIK

### DEMAND FOR JURY TRIAL

Plaintiff hereby requests a trial by jury on all issues in this case, pursuant to all applicable rules.

Dated: November 2, 2020

THE GAGE LAW FIRM, PLLC

By: _____
IVY GAGE
Nevada Bar No. 5958
Attorneys for Plaintiff, LEANN MLODIK